# Robison *versus* Rupert.

1. The faults of third persons are not allowed to benefit or prejudice either party to a suit in his right or duty of compensation.

2. When a wrong is done, under circumstances arising from the fault of third persons, which, making due allowance for the infirmities of human temper, furnish a reasonable excuse for the violation of public order, then there is no foundation for exemplary damages, and the plaintiff is entitled only to compensation.

3. Where there is a reasonable excuse for the violation of the public order arising from the provocation or fault of the plaintiff, but not sufficient to entirely justify the wrong done, there can be no exemplary damages, and the circumstances of mitigation must be applied to the actual damages.

4. If the plaintiff, in company with other persons, was guilty of making a great noise and disturbance around the defendant's house, and refused to withdraw or cease when requested, these circumstances will go in mitigation of the actual damages suffered by the plaintiff in consequence of the forcible means adopted by the defendant to suppress the annoyance.

ERROR to the Common Pleas of *Columbia county*.

[Robison *v.* Rupert.]

Action of trespass by George F. Rupert against William Robison for personal injuries. The defendant had fired a gun charged with shot, into a crowd of boys, and some of the shot lodged in the back of the plaintiff, and injured him severely. The defendant gave evidence to show that the plaintiff was one of a crowd of boys who had assembled around his house at night making all sorts of offensive noises for the purpose of disturbing and annoying him and those assembled in his house, and that he had in vain endeavored, by speaking to them, to get them to quit, before he did the act which caused the injury. The Court charged the jury that these circumstances should go in mitigation of exemplary damages, but that the plaintiff was entitled to full compensation for all his sufferings, losses, and expenses, notwithstanding the character of the provocation by which he drew them on himself. The plaintiff had a verdict, and the defendant brings this writ and complains of this instruction.

*Buckalew,* for plaintiff in error.

*Comly* and *Clark,* for defendant in error.

The opinion of the Court was delivered by

LOWRIE, J.—This instruction of the Court below is apparently supported by the case of Watson *v.* Christie, 2 *Bos. & Pul.* 224, unless we read it with reference to the strict notions on pleading formerly entertained by some judges. There it appears to decide merely, that circumstances of mitigation cannot be given in evidence unless pleaded, which certainly is not law now.

The cases are very numerous in favor of the contrary doctrine, and announce the rule that all circumstances, that are sufficiently proximate to be properly regarded as matters of provocation or excuse of the act complained of, may be given in evidence in mitigation of damages generally.

The true distinction, as to the effect of the mitigating circumstances on the actual and on the exemplary damages, is suggested by the case of the Temperance Hall in Moyamensing, Reed *v.* Bias, 8 *W. & Ser.* 189, that, where the excusing or palliating circumstances involve no fault of the plaintiff, they may prevent exemplary damages, and limit the recovery to the actual damages. And this is an expression of the principle that the faults of third persons shall not benefit or prejudice either of the parties in their right and duty of compensation. If, making due allowance for the infirmities of human temper, the defendant has a reasonable excuse for the violation of the public order, then there is no foundation for exemplary damages, and the plaintiff can claim only compensation: 2 *Car. & P.* 361 ; 6 *Id.* 167 ; 1 *Esp. N. P.* 317. And such is the case of Watson *v.* Christie.

[Robison v. Rupert.]

It is merely the corollary of this, that where there is a reasonable excuse for the defendant, arising from the provocation or fault of the plaintiff, but not sufficient entirely to justify the act done, there can be no exemplary damages, and the circumstances of mitigation must be applied to the actual damages. If it were not so, the plaintiff would get full compensation for damages occasioned by himself. The rule ought to be, and is, practically mutual. Malice and provocation in the defendant are punished by inflicting damages exceeding the measure of compensation, and in the plaintiff by giving him less than that measure. This principle is illustrated by numerous cases: 2 *Camp.* 72, 511; 7 *Car. & P.* 621, 369, and *n.*; 10 *Ad. & Ellis* 117; 13 *Pick.* 503; 3 *Mass.* 189, 546; 13 *Conn.* 361; 1 *Johns. Cases* 116; 7 *Cow.* 22; 7 *Wend.* 142, 560.

According to these views, the plaintiff could not possibly recover vindictive damages in such a case as this; and if he was himself one of the rioters, he ought not to recover full compensation.

Judgment reversed and a new trial awarded

BLACK, C. J., dissented.