# Bostwick v. Pittsburgh Railways Co., Appellant.

*Negligence—Damages—Pain and suffering—Charge of court—Present worth.*

1. The rule requiring the trial court in actions for personal injuries to instruct juries as to the present worth of future earnings will not be extended so as to include instructions as to the present worth of future pain, suffering and inconvenience.

2. In actions for personal injuries, the jury should add for pain

and suffering such reasonable sum as they find from all the evidence and circumstances will fairly compensate the plaintiff for the pain, suffering and inconvenience he has and will endure as a result of his injuries. While such amount is primarily for the jury to ascertain, it is the duty of the court to see that injustice is not done.

Argued Oct. 16, 1916. Appeal, No. 107, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1914, No. 1561, on verdict for plaintiff in case of Katherine A. Bostwick v. Pittsburgh Railways Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The facts sufficiently appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* was the failure of the court to instruct the jury that compensation for future pain, suffering and inconvenience must be reduced to its present worth.

*Craig Smith,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 8, 1917:

This was an action of trespass for personal injuries, in which plaintiff recovered a verdict of $3,000.

The only question raised is the right of the defendant to instructions from the trial court directing the jury to allow only the present worth of damages for future pain and suffering. Such instructions were here given as to damages for diminution of future earning power, but

declined as to pain and suffering because of the impracticability thereof.

Where the evidence enables the jury to find the loss of earnings or other element of damage, that a plaintiff will thereafter sustain from year to year, the present worth thereof may be ascertained but pain has no market value and cannot be accurately estimated in dollars and cents. And therefore calling upon the jury to fix a separate yearly value upon plaintiff's future pain and suffering, and reduce each of said annual amounts to its present worth, and then add the sum total, as a step in arriving at the verdict, would be a vain request, and tend to complicate instructions to juries in such cases.

"Pain is not susceptible of exact compensation by any pecuniary standard. It is however an element to be considered in determining the amount of injury which the plaintiff has sustained. It should be considered in connection with all the attending circumstances, with a view to making practical compensation to the plaintiff for his actual loss": Musick v. Latrobe Borough, 184 Pa. 375.

"It (the allowance in such case) is however compensation, not as a precise equivalent or valuation nor compensation from a sentimental or benevolent standpoint, but such amount as will be the most reasonable approximation the circumstances admit to a pecuniary compensation not in the nature of things capable of exact measurement": Schenkel, et ux., v. Pittsburgh & Birmingham Traction Co., 194 Pa. 182-186.

The jury should add for that element of damage such reasonable sum as they find from all the evidence and circumstances will fairly compensate plaintiff for the pain, suffering and inconvenience he has and will endure as a result of his injuries. Such amount being primarily for the jury to ascertain, subject always to the duty of the court to see that injustice is not done.

In the absence of precedent, we will not extend the rule, which requires courts to instruct juries to allow

only the present worth of future damages, so as to include the element of pain, suffering and inconvenience.

The assignment of error is overruled and the judgment is affirmed.