## LeVan et ux. *v.* McLean, Appellant.

*Negligence—Automobiles—Pedestrians—Crossing—Contributory negligence—Case for jury.*

1. Where a person while on a highway, at a place customarily used by pedestrians, is hit by an automobile starting forward while the pedestrian was attempting to regain the pavement the question of the negligence of the driver and of the contributory negligence of the pedestrian is for the jury.

*Negligence—Damages—Pain and suffering—Present-worth rule —Pleading—Earning power.*

2. The present-worth rule based on expectancy of life has no application in determining, as an element of damages in a personal injury case, the amount to be allowed for future pain and suffering.

3. Where the only element of damages claimed in the statement is for pain, and there is no reference to loss of earning power, it is reversible error to admit evidence relating to the present-worth rule.

Argued January 15, 1923. Appeals, Nos. 71 and 72, Jan. T., 1923, by defendant, from judgments of C. P. No. 5, Phila. Co., March T., 1920, No. 6410, on verdicts for plaintiffs, in case of Arthur W. LeVan and Barbara LeVan, his wife, v. William L. McLean. Before FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries to wife. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Arthur W. Levan for $2,500, and for Barbara LeVan for $10,000. Defendant appealed.

*Errors assigned,* inter alia, were (1) refusal of binding instructions for defendant, quoting record, and (3) charge as to present-worth rule referred to in opinion of Supreme Court, quoting bill of exceptions.

*W. W. Smithers,* for appellant.—No act of negligence of defendant's chauffeur was shown as the cause of the accident: Zenzil v. R. R., 257 Pa. 473; Flanigan v. McLean, 267 Pa. 553; King v. Brillhart, 271 Pa. 301; Erbe v. Transit Co., 256 Pa. 567; Wagner v. Traction Co., 212 Pa. 132; Zahniser v. Torpedo Co., 190 Pa. 350; Wall v. Lit, 195 Pa. 375.

It was error to admit tables and calculations of present worth as to either plaintiff: Sebastian v. Coal Co., 262 Pa. 510; Ford v. Coal Co., 262 Pa. 514; Bostwick v. Rys., 255 Pa. 387; Collins v. Leafey, 124 Pa. 203; Baker v. R. R., 142 Pa. 503; Goodhart v. R. R., 177 Pa. 1; McLane v. Rys., 230 Pa. 29.

*Victor Frey,* with him *Augustus T. Ashton,* for appellee.—The chauffeur was negligent and the case was for the jury.

The instructions as to present worth were proper: Leonard v. R. R., 259 Pa. 51; Yeager v. Brewing Co., 259 Pa. 123; O'Hanlon v. Rys., 256 Pa. 394; DeHaas v. R. R., 261 Pa. 499; Bostwick v. Rys., 255 Pa. 387.

OPINION BY MR. JUSTICE SADLER, February 12, 1923:

Injuries for which the plaintiffs, husband and wife, sought to recover damages in this case, were sustained by the latter on March 13, 1920, while attempting to pass from the south side of Elmwood Avenue, in the City of Philadelphia, to the northwest corner of Sixty-second Street. The latter highway is not a continuous line, the extension on the south leaving the avenue some sixty feet east of the place where it intersects on the other side. Pedestrians, desiring to reach the northwest corner of the street and avenue from the south, customarily leave the pavement at a point directly opposite, and cross the avenue, which is paved with asphalt, and has no clearly defined passageway marked with blocks, or otherwise.

When the accident involved in this case occurred, two motors were standing about six feet apart, near the south curb of Elmwood Avenue. Mrs. LeVan, desiring to visit a store on the other side, walked between the automobiles, following across the line of passage ordinarily used by the public. Reaching the street railway tracks, located on the highway, she was threatened by an advancing car, and attempted to return to the sidewalk. While so engaged, the chauffeur of defendant started forward, and, after moving from four to ten feet, struck the plaintiff, causing serious injury. The driver claimed not to have seen her, which, in view of the falling snow obscuring his vision, may have been true. She was hit, however, while on the highway at the place customarily used by pedestrians, knocked down, and dragged for a short distance. The question of the negli-

gence of the driver and the possibility of the accident occurring from plaintiff's contributing act, was for the jury, under the circumstances disclosed, and binding instruction could not have been granted, as requested by defendant.

Only one of the complaints urged on this appeal requires consideration. No claim was made in the statement filed for any depreciation of earning power, the demand being limited to the expenses incurred, compensation for pain and suffering, and, as to the husband, for loss of services. At the trial, an actuary testified, against objection, to the expectancy of life of the wife,—fixing it at thirty-one years,—as well as the present worth of various sums from one dollar up, per week, for that period. For example, where the possible loss was named at the sum of one dollar per week, the present worth or price was designated as $745.44. In the presentation of these figures to the jury, and the subsequent reference thereto in the charge of the court, we are of the opinion that error was committed, as, doubtless, the result was to prejudice its finding. The present-worth rule has no application in determining, as an element of damage in a personal injury case, the amount to be allowed for future pain and suffering: Ford v. Phila. & Reading C. & I. Co., 262 Pa. 514; Sebastian v. Phila. & Reading C. & I. Co., 262 Pa. 510; Bostwick v. Rys. Co., 255 Pa. 387.

It is true, instructions were given, that any verdict rendered must be only for such sum as would compensate the plaintiffs, yet the court inadvertently made the same mistake which was pointed out by Justice Stewart, in McLane v. Pittsburgh Rys. Co., 230 Pa. 29, when the jury was permitted to find first for the pain already endured, and, in addition, the "present worth" of what might occur in the future. What was there said (pages 34 and 35) is applicable here, and need not be repeated.

The learned court below advised that an allowance could be made for the suffering to the time of trial, and

then called attention to the expectancy of life of the plaintiff, saying, in part: "If it was desired to pay one dollar a week for five years, invested at 6%, Mr. Blehl states $225.43 would be required......The actuary stated figures as the result of calculation that would be necessary to pay a dollar a week over periods of five, ten or fifteen years. At that time, he said, the amount would be exhausted and paid out. Any award to Mrs. LeVan for future suffering must be capitalized and reduced to its present worth." Though such instruction may have been appropriate if the question to be passed upon was the extent of loss from decreased earning power, yet, in this case, no such inquiry was involved. The only element of damage claimed for in addition to outlays made, was pain. As to this, the jury was permitted to allow generally compensation to the time of hearing, and "value or price" for the period thereafter, the subject of condemnation in the case above cited. In fact, stronger objection can be made here, since the various sums which might be awarded were named, if the compensation for suffering likely to be endured should be estimated at one or more dollars per week for the various periods designated.

It is suggested that the reduction to value at the time of trial would enure to the benefit of defendant, but we are not prepared to say that the use of these figures in calculation had no harmful effect, and the third assignment of error should therefore be sustained. All others are dismissed.

The judgment is reversed with a venire facias de novo.