# Hunter v. Pope, Appellant.

*Appeals—Judgment n. o. v.—Evidence—Inferences.*

1. In considering an appeal from the refusal of a point for binding instructions, and from the refusal of a motion for judgment non obstante veredicto, all the testimony, and proper inferences therefrom, favorable to appellee, must be taken as true, and all unfavorable to him must be rejected.

*Negligence—Automobiles — Evidence — Inconsistent statements by plaintiff—Car running on sidewalk—Presumption.*

2. A plaintiff's action must fail, if he has the burden of proving a given fact essential to his recovery, and himself tells two inconsistent stories, only one of which would result in holding the defendant liable.

3. Discrepancies in plaintiff's testimony do not have this effect, however, unless, under one of the inconsistent stories, he would not be entitled to recover from defendant.

4. Where a vehicle can properly be operated only in the cartway of a public highway, there is a presumption of negligence against one who runs it upon the footway and injures another person lawfully thereon.

*Appeals—Harmless error.*

5. An appellate court will not reverse for a harmless error committed by the court below.

*New trial—Discretion of trial court—Abuse—Appeals.*

6. Whether or not a new trial shall be granted is matter within the sound discretion of the trial court, subject to reversal only in case a clear abuse is made to appear.

Argued April 11, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 2, Jan. T., 1928, by defendant, from judgment of C. P. Delaware Co., June T., 1923, No. 706, on verdict for plaintiff, in case of Marie Hunter v. Hunter P. Pope. Affirmed.

Trespass for personal injuries. Before BIDDLE, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*John B. Hannum, Jr.,* of *Hannum, Hunter & Hannum,* with him *D. Malcolm Hodge,* for appellant.—The principle of law that plaintiff cannot recover when the testimony in plaintiff's case shows that she did not know what struck her, is established in Pennsylvania by the case of Huey v. Gahlenbeck, 121 Pa. 238.

A jury cannot be permitted to draw inferences of negligence in the absence of evidence from which negligence may be reasonably inferred: Prettyman v. Transp. Co., 73 Pa. Superior Ct. 353; Merrigan v. Evans, 221 Pa. 1;

Eigenbrodt v. Williamsport, 44 Pa. Superior Ct. 437; Flanigan v. McLean, 267 Pa. 553; McAvoy v. Kromer, 277 Pa. 196; Gavin v. Bell Tel. Co., 87 Pa. Superior Ct. 276; Bernstein v. R. R., 252 Pa. 581.

Where the only evidence of defendant's negligence is the testimony of plaintiff which is contradictory, the trial judge should have directed a verdict for defendant: Zenzil v. R. R., 257 Pa. 473; Bunting v. Goldstein, 283 Pa. 356.

*William C. Alexander,* for appellee.—The evidence is sufficient to sustain the finding that defendant's driver was negligent: Simon v. Myers, 284 Pa. 3; Fuller v. Coal Co., 268 Pa. 328, 331; Keidel v. R. R., 281 Pa. 289, 291; Keck v. Ry., 271 Pa. 479, 482.

OPINION BY MR. JUSTICE SIMPSON, May 16, 1927:

Defendant appeals from the judgment entered on a verdict for plaintiff, recovered by her for injuries sustained when she was negligently run into and knocked down by a motorbus belonging to defendant, and operated by one of his employees. The principal assignments of error are those which complain because the court below refused to give binding instructions for defendant, and to enter judgment in his favor non obstante veredicto. As to these complaints, since there are no relevant writings to consider, all the evidence and proper inferences therefrom, favorable to plaintiff, must be taken as true, and all unfavorable to her must be rejected: Wiles v. Emerson-Brantingham Co., 267 Pa. 47; Simon v. Myers, 284 Pa. 3. Viewed from this standpoint, the relevant facts are as follows:

Plaintiff went from Philadelphia to Sharon Hill, to deliver a package for her employer. When she had done so, she walked to the intersection of the Chester Pike and what is commonly called the Hook Road, where she intended to take a trolley car on her return trip. None being in sight, she located herself on the sidewalk

of the Hook Road, and, while there, was run into by a motorbus (owned by and being operated for defendant), which turned from the pike into the road and ran up on the sidewalk of the latter, striking her in the back and causing the injuries of which complaint is made. Much is said in appellant's brief as to the indefiniteness of plaintiff's testimony regarding what struck her, but in defendant's pleadings, proofs and by statements made at the trial, it is admitted that she was hit by defendant's motorbus. The only dispute, touching this point, was as to whether she was then on the sidewalk or in the cartway of the Hook Road, and this the jury resolved in her favor.

The foregoing facts being true, plaintiff was clearly entitled to recover, for she was where she had a right to be, and where defendant's motorbus had no right to go. Defendant asserts, however, that her testimony as to her exact position on the sidewalk was so contradictory as to render it unworthy of belief; and hence, as she had the burden of proving the negligence of defendant, the trial judge should have given binding instructions for defendant, as he was requested to do. The principle of law thus invoked is well settled, but it has no relevancy to the facts of this case. It would have been applicable, if, from one part of plaintiff's testimony, it could have been properly inferred that defendant was not liable, while from another part he was. Our cases upon the point are numerous, but it is not necessary to quote from them. It suffices to refer to the following: Mulligan v. Lehigh Traction Co., 241 Pa. 139; Bruggeman v. York, 254 Pa. 430; Zenzil v. Delaware, Lackawanna & Western R. R. Co., 257 Pa. 473; Fullick v. South Penn Oil Co., 260 Pa. 4; Murray v. Pittsburgh, Cincinnati, Chicago & St. Louis R. R. Co., 263 Pa. 398; Kemmler v. Pennsylvania Co., 265 Pa. 212; Miller v. Director General of Railroads, 270 Pa. 330; Zimmerman v. Weinroth, 272 Pa. 537; Goater v. Klotz, 279 Pa. 392; Bunting v. Goldstein, 283 Pa. 356; Gausman v. Pearson Co., 284

Pa. 348, and Weiss v. London Guarantee & Accident Co., Ltd., 285 Pa. 251.

No such contradictory evidence appeared in the present case, however. If plaintiff was on the footwalk, as the jury found she was, her exact position thereon is a matter of total indifference; the negligence in running into her existed, whether she was at one point or another thereon. Justice is not so blind as to be unable to see that such a minor discrepancy as appears in this case is not uncommon, especially in cases where the injured party, who is striving to tell the exact truth, was immediately rendered unconscious by the wrongful action of the defendant, as the jury has found the fact to be here.

Appellant also complains that the trial judge erred in his charge to the jury as follows: "Then, too, in any allowances you may make either for pain and suffering, or for future expenses in connection therewith, or future impairment of earning capacity, it is only the present worth of that earning capacity you can allow to the plaintiff." Assuming that the foregoing clause regarding the present worth rule relates to the "future pain and suffering," as well as to the "earning capacity," though it is expressly limited to the latter, and assuming also that this was a matter to which defendant was not obliged to call the trial judge's attention, when, at the end of the charge, he asked, "Does either side desire further instructions on any point," then the charge, in the respect stated, was erroneous, for "The present worth rule has no application in determining......the amount to be allowed for future pain and suffering": LeVan v. McLean, 276 Pa. 361; Bostwick v. Pittsburgh Rys. Co., 255 Pa. 387; Ford v. Phila. & Reading Coal & Iron Co., 262 Pa. 514. But, still assuming the existence of the error, it was one in favor of, and not against appellant, for it authorized the jury to deduct from the amount it should have allowed for future pain and suffering, such a sum as would be equitable in view of the fact that payment was to be made at once. For such an error the

benefited party has no right to complain: Petry v. Harwood Electric Co. (No. 2), 280 Pa. 158.

The refusal of a new trial is also assigned as error, but this is a matter within the sound discretion of the court below, subject to reversal only in the event of a clear abuse. None such appears in this case.

The judgment of the court below is affirmed.