Hecht *v.* Mileston and Phila. R. T. Co., Appellant.

Argued October 9, 1930.

Before TREXLER, P. J.,
KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and
WHITMORE, JJ.

*Samuel H. Coplin,* for appellant.

*Abraham S. Einhorn,* for appellee.

OPINION BY LINN, J., January 30, 1931:

The verdict determines that the negligence of appellant's motorman contributed to the damage to plaintiff's house. The two questions involved, stated by appellant for review, may be answered with little discussion or statement of the case. They are:

"1. Where the plaintiff's only witness to an accident gives conflicting versions of the happening of the accident concerning the negligence of the defendant, is it not error to refuse judgment for the defendant non obstante veredicto?

"2. Where the plaintiff claims a sum certain in his statement of claim, and his witness gives conflicting testimony naming various sums as to the amount of the damage, is it not error to enter judgment for the amount claimed?"

1. We find no serious or unusual inconsistency in Jackson's testimony; the jury was not confined to his

evidence, but was entitled to, and probably did, consider all that was offered by both sides; the familiar rule that all the evidence and proper inferences from it favorable to plaintiff must be taken as true, and all unfavorable to him rejected (Hunter v. Pope, 289 Pa. 560) is applicable and conclusive against appellant.

2. The judgment was entered on the verdict; that it happened to be "the amount claimed" is no reason for disturbing it, if there is supporting testimony. The record shows such testimony.

Plaintiff testified that he paid $550 (the amount claimed) to have the damage repaired; and, though objection to the question was made after it was answered, it would have been error to sustain the objection, if made in time. Moreover, the man who did the work testified that he was paid that sum by plaintiff; there was no evidence that the amount paid was unreasonable; it was the duty of the jury to find the amount allowable; no complaint is made of the manner in which it was submitted to the jury.

The opinion of GLASS, J., filed pursuant to rule 58, completely answers all of appellant's contentions.

Judgment affirmed.