## Mawhinney, Appellant, *v.* Holtzhauer.

Argued November 14, 1950. Before HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (RHODES, P. J. and GUNTHER, J., absent).

*William M. Kahanowitz*, with him *Joseph Bonidy*, for appellant.

*George W. Lamproplos*, with him *Vincent R. Smith*, and *Cassidy & Lamproplos*, for appellee.

OPINION BY ROSS, J., January 12, 1951:

Appellant, George C. Mawhinney, brought this action in trespass to recover damages for personal injuries suffered during a fist fight with defendant, D. H. Holtzhauer. The jury awarded plaintiff $188.00, the exact amount of his medical bills. His motion for a new trial, on the ground of inadequacy of damages, was refused by the learned trial judge, the refusal was affirmed by the court en banc, and he appealed to this Court.

On the afternoon of April 26, 1947, plaintiff was raking a flower bed in the yard adjoining his home in New Kensington, when defendant drove by in his truck. Words were exchanged between them, an altercation occurred and blows followed, resulting in plaintiff's injuries. There is a direct conflict in the testimony of the parties as to who struck the first blow, each claiming the other did. The parties agree that after the first blows (whoever struck them), plaintiff went to a neighbor's yard, and a neighbor Illig tried to persuade both parties to stop fighting. The neighbors gathered round and the parties continued to curse each other. Then, again, the versions differ. Plaintiff claims he "turned around to look down toward my home when Holtzhauer smashed my nose", whereas defendant avers, ". . . he came up with his hand back of him . . . . When he came up with his hand drawn back, I left him have it in the nose." Then, the parties agree, defendant went back to his truck and drove away.

Appellant contends that the verdict was inadequate because he was reimbursed only to the extent of actual money outlay and was awarded nothing for pain and suffering.

During a colloquy with reference to points for jury instruction, plaintiff's counsel advanced the contention that, conceding that plaintiff struck the first blow and then ran away from defendant, when defendant fol-

lowed him and struck him, after the passage of a few minutes, the sequence of events was broken and two separate encounters occurred. He reasoned that since the blow on the nose for which plaintiff was primarily claiming damages occurred during the second encounter, defendant therein was liable as the aggressor. The court below overruled this contention and charged: ". . . the jury is justified in concluding under all the testimony that this constitutes one affray rather than two separate fights." Plaintiff took no exception to this instruction nor did he assign it as error in his motion for a new trial. Hence, on appeal, it is not properly before us for consideration, and we need not discuss it. *Dugan v. McGara's Inc.*, 344 Pa. 460, 25 A. 2d 718; *Stevens v. Frank*, 151 Pa. Superior Ct. 222, 30 A. 2d 161; *Keane v. Philadelphia*, 360 Pa. 384, 61 A. 2d 834.

The conflicts as to who struck the first blow, and whether when defendant struck plaintiff on the nose he was the aggressor or was merely anticipating an attack by plaintiff, were questions of fact for the jury. Plaintiff's two witnesses testified only as to the termination of the fight. Defendant's witness, Mrs. Beighley, who saw the incident from the beginning, corroborated defendant's version: that defendant "began to get out of the truck" at plaintiff's invitation and "had one foot on the ground" when he was struck in the stomach by plaintiff, and that plaintiff then struck a second blow—in the face—and ran to the Singleton home. As to the final blow, plaintiff's witness, Singleton, testified that it occurred "out of a clear sky". Mrs. Beighley, on the other hand, on interrogation by the court, stated that it occurred as plaintiff was threatening defendant with his hands "closed . . . one back as if to swing and one in front". The jury resolved these conflicts by awarding plaintiff liquidated damages only, the amount of his medical expenses.

The rule as to mitigation of damages is set forth in *Robison v. Rupert*, 23 Pa. 523, at page 525: ". . . where there is a reasonable excuse for the defendant, arising from the provocation or fault of the plaintiff, but not sufficient entirely to justify the act done, there can be no exemplary damages, and the circumstances of mitigation must be applied to the actual damages. If it were not so, the plaintiff would get full compensation for damages occasioned by himself. The rule ought to be, and is, practically mutual. Malice and provocation in the defendant are punished by inflicting damages exceeding the measure of compensation, and in the plaintiff by giving him less than that measure."

Plaintiff testified that the injury to his right hand occurred as a result of warding off a blow by defendant, whereas defendant's contention is that it resulted from hitting defendant on the jaw. The testimony of Dr. R. M. Evans, Jr., plaintiff's witness, who examined plaintiff's hand after the occurrence and treated it "for a month and a half" afterward, is pertinent to this issue: "Q. Would a blow of a fist cause a fracture of that bone? . . . A. Yes, it could do it. Q. Would a blow of a fist hitting at this particular point break a bone there? A. No, sir. . . . Q. Could a fracture be caused by a blow of the fist? A. It is very questionable. Q. It is very questionable if he got this hand fractured by warding off a blow? A. I say that it is questionable. Q. A fracture couldn't be caused by having this hand struck? A. If you have pin-point force; if you have a fist you don't have a pin-point force." It was in evidence that approximately half of plaintiff's expenditures for medical services was for treatment of his hand, and consequently, in view of the doubt cast as to defendant's liability for the hand injury, it is quite possible that the jury considered this factor in arriving at the amount of its verdict, and for that reason made no additional allowance for pain and suffering.

In support of his contention that the court below erred in refusing him a new trial because of the omission from the verdict of the element of damages for pain and suffering, appellant cites *Hammaker v. Watts Twp.,* 71 Pa. Superior Ct. 554. That case involved an action brought under the Wrongful Death statute by the parents of a nine-year-old girl who was killed through defendant's negligence. The jury returned a verdict of $27.00 for funeral expenses. This Court, in granting a new trial, expressed the belief that there had been a misconstruction of the statute and confusion as to whether or not damages were to be limited to actual pecuniary loss suffered by the plaintiffs. At page 565, we said: ". . . a verdict fixing the pecuniary value of the child's life at the amount expended for its burial is so unreasonable and disproportionate to the value of human life, that we are convinced that it must have been influenced by partiality or prejudice, or by some misconception of the law or the evidence . . ." The *Hammaker* case is distinguishable from the present one in that no statute was here misconstrued; no survivor was suing for the death of another; that was a negligence action and, therefore, the jury's verdict established the child's freedom from contributory negligence. The damages in the instant case are being sought as a result of an assault and battery and it is within the province of the jury to mitigate damages if they find the attack not entirely unprovoked.

Appellant also cites *Bostwick v. Pittsburgh Rys. Co.,* 255 Pa. 387, 100 A. 123, for the proposition that pain and suffering, past and future, shall be considered as an element of damages. The only question raised in that case was the right of instructions from the trial court directing the jury to allow, in addition to damages for diminution of future earning power, damages for future pain and suffering. A careful reading of the opinion reveals no extenuating circumstances compar-

able to the situation in the instant case, and the *Bostwick* case holds simply that pain, suffering and inconvenience shall be included as an element of future damages.

The rule as to the granting of a new trial for inadequacy of the verdict is set forth in the following quotation from *Coleman v. Pittsburgh Coal Co.,* 158 Pa. Superior Ct. 81, 43 A. 2d 540, wherein Judge ARNOLD, speaking for this Court, stated at page 85: "Where the trial court *grants* a new trial on the ground of inadequacy the appellate courts will not interfere in the absence of a gross abuse of discretion: Schwartz v. Jaffe, 324 Pa. 324, 188 A. 295; Pretka v. Wilson, 325 Pa. 491, 190 A. 722. When the trial court *refuses* relief against an allegedly inadequate verdict the appellate court *will exercise even greater caution in reviewing* its action. It was said by President Judge RICE in Palmer v. Leader Publishing Co., 7 Pa. Superior Ct. 594, 598: 'The power to grant a new trial because of the inadequacy, as well as the excessiveness, of the damages allowed by the jury is undisputed, but this power is much more rarely exercised in the former than in the latter case. If such caution is properly exercisable by the trial court, much more cautiously should an appellate court proceed where the trial court, after a conscientious review of the case, has refused to set aside the verdict. No mere difference of opinion, nothing short of a clear conviction, compelled by the evidence, that the jury must have been influenced by partiality, passion or prejudice or by some misconception of the law or the evidence, will justify an appellate court in declaring that the trial court was guilty of an abuse of discretion in refusing a new trial for inadequacy of damages where neither the evidence in the particular case nor the law applicable thereto furnished any definite standard by which they might be measured, and the jury had no other guide in arriving at the

amount to be awarded but pure conjecture.' See also Stevens v. Frank, 151 Pa. Superior Ct. 222, 223, 30 A. 2d 161; Carpenelli v. Scranton Bus Co., 350 Pa. 184, 187, 38 A. 2d 44."

In the *Carpenelli* case, supra, the Supreme Court said: ". . . when the evidence is equally divided in weight, or, a fortiori, when the preponderance of testimony is clearly with the defendant and the verdict rendered for the plaintiff, while small, is substantial . . . it can no more reasonably be said that the plaintiff recovered too little than that he should not have recovered at all; therefore, in such a case, it is just as likely, or more likely, that the granting of a new trial would constitute an act of injustice to the defendant rather than one of justice to the plaintiff." Cf. *Patterson v. Palley Mfg. Co.*, 360 Pa. 259, 61 A. 2d 861.

From the excerpts of testimony quoted above, and from our study of the entire record, we are not convinced that in determining damages the jury was influenced by partiality, passion or prejudice against the plaintiff, or by some misconception of the law or the evidence. In our opinion, in determining the measure of damages, the jury took into consideration the factor of provocation on the part of the plaintiff, and then gave reasonable application of the rule as to mitigation of damages to the facts as it found them in this case. Nor is it inconceivable that a jury of laymen has here found implied common consent to the combat by the parties, and while not consciously applying its attendant rule of law—that parties who engage in voluntary combat may recover actual, but not punitive, damages—have nevertheless applied it to the facts in this case.

We agree with the learned trial judge when he says (in his opinion refusing plaintiff's motion for a new trial) : "Under all the evidence it would appear that the plaintiff is quite fortunate in being awarded a

verdict in any amount at all. . . . It is reasonable to conjecture that a new trial before a different jury might result in a verdict for the defendant"; and we believe that the allowance of a new trial would not only be useless but might "constitute an act of injustice to the defendant rather than one of justice to the plaintiff".

Judgment affirmed.