Kobsar et ux., Appellants, *v.* Johnson.

Argued October 8, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

reargument refused March 3, 1958.

512

*Walter T. Darmopray*, with him *Hamilton, Smith & Darmopray*, for appellants.

*Albert C. Gekoski*, for appellee.

OPINION BY WATKINS, J., January 21, 1958:

This action was originally brought by appellants, husband and wife, in trespass for personal injuries sustained by the wife, and damages to husband's automobile. The husband's action was severed, and he was joined as an additional defendant.

After trial the jury returned a verdict in favor of the appellant, against the additional defendant only, in the sum of Three Hundred ($300) Dollars. Both have appealed. The reasons assigned are the court's refusal to remove the nonsuit entered in the action of Tony Kobsar against the appellee; the failure of the court below to find appellee guilty of negligence as a matter of law and the refusal of a new trial to the appellant wife on the ground that the verdict was inadequate.

On June 1, 1951 at or about 4:30 p.m., the appellant, Tony Kobsar, accompanied by appellant wife, was operating his motor vehicle in an Easterly direction on Harbison Avenue, in the City of Philadelphia. As Kobsar approached Torresdale Avenue behind a line of traffic, he stopped at the intersection, where a stop sign controlled traffic on Harbison Avenue.

Torresdale Avenue is a through street and runs Northeast and Southwest. It is a two-way street, 51′ wide with double car tracks. Harbison Avenue is a street that runs Northwest and Southeast crossing Torresdale Avenue. It is 75′ in width and is controlled by a stop sign.

After looking in both directions Kobsar began to cross Torresdale Avenue. He succeeded in reaching the

ter of the street where a truck had slowed up and stopped to make a left turn. It was in the left lane of two northbound lanes of traffic on Torresdale Avenue. This truck obscured Kobsar's vision of the inner Northbound lane of traffic. As Kobsar passed in front of the truck he was struck on the right front side by appellee's automobile. Appellee, who had been travelling Northwardly in the right lane of traffic on Torresdale Avenue slowed down for the intersection, his vision to Harbison Avenue to the West, limited by the truck, he proceeded into the intersection and the collision resulted.

Kobsar obviously entered the intersection in the face of oncoming Northbound traffic. The truck was stopped at the intersection when he passed in front of it, and though he could not observe traffic in the inner lane, he proceeded to cross it and was struck.

The court below properly refused to remove the nonsuit. The rule has been stated many times that it is the duty of the driver entering a through highway not only to look before entering, but to continue to look as he advances and to keep his car under such control that he can stop at any moment and avoid a collision: *Mellott v. Tuckey,* 350 Pa. 74, 38 A. 2d 40 (1944) ; *Affelgren v. Kinka,* 351 Pa. 99, 40 A. 2d 418 (1945).

The question of appellee's negligence was properly left to the jury. Justice MUSMANNO in *Mathews v. Patton,* 385 Pa. 625, 123 A. 2d 667 (1956), states the legal principle clearly: "Considering the congested state of the highways of today it must not only be assumed but almost expected that motorists will entertain some faith in the good intention and reasonable care of their fellow motorists. So long as the automobilist respects the speed limits of The Vehicle Code, he is not expected to stop at every tree and

clump of shrubs to inquire if danger is concealed behind the leaves or if another car lurks in ambush." This rule applies more particularly in a case such as this where defendant Johnson was travelling on a through street, and the additional defendant Kobsar had not advanced so far into the intersection as to command the right of way.

We must uphold the court below in refusing to grant a new trial, and find no warrant to interfere with a matter that was primarily for the jury and secondarily for the court below. In view of conflicting medical testimony, and some lack of clarity by appellant's own medical witnesses, the jury might well have found some of the pain and suffering of which appellant complained, due to illness contracted prior to the accident, and since that is all for which she could recover the award is not so small as to be arbitrary or the result of caprice, passion, prejudice or a misconception of the law and the evidence.

The rule, reaffirmed in *Carpenelli v. Scranton Bus Co.*, 350 Pa. 184, 38 A. 2d 44 (1944), is that, when a court grants a new trial on the ground of inadequacy of the verdict an appellate court, in the absence of a gross abuse of discretion, will not interfere. When a trial court refuses to grant relief against an allegedly inadequate verdict an appellate court will exercise even greater caution in reviewing its action: *Mawhinney v. Holtzhauer*, 168 Pa. Superior Ct. 283, 77 A. 2d 734 (1951).

Judgment affirmed.