Rhoades et ux., Appellants, *v.* Wolf.

Argued November 11, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Henry E. Shaw*, with him *Scales and Shaw*, for appellants.

*Daniel J. Snyder*, with him *Avra N. Pershing, Jr.*, for appellees.

OPINION BY WRIGHT, J., December 16, 1965:

This appeal involves an intersection collision between a motor vehicle owned by Mary Rhoades and operated by her husband, Glenn Rhoades, and a motor vehicle owned by Norman Wolf and his wife, Henrietta, and operated by the husband. Glenn and Mary, plaintiffs, instituted a trespass action against Norman and Henrietta, defendants, to recover for Glenn's personal injuries and Mary's property damage. An answer was filed with counterclaim for property damage, together with new matter severing the claims of Glenn and Mary[1] and a complaint against Glenn as additional defendant. At the conclusion of plaintiffs' testimony, a compulsory nonsuit was entered as to Henrietta. After a three day trial the jury returned verdicts as follows: for Glenn against Norman in amount of $10,000.00; for Mary against Norman in amount of $300.00; and for Glenn and Mary in the counterclaim.

---

[1] See Pa. R. C. P. No. 2252(d).

A motion by Glenn and Mary for a new trial was dismissed by the court en banc, and judgment was entered on the verdict. Glenn and Mary then appealed to the Supreme Court, and the appeal was remitted to this court.

The collision occurred in North Huntingdon Township, Westmoreland County, on the afternoon of March 31, 1962. Glenn Rhoades was traveling west on the Wendel-Herminie Road. Two of his children, aged 12 and 14, were passengers in the car. Norman Wolf and his wife were proceeding north on the Barnes Lake Road, traffic on which at the intersection in question was controlled by a stop sign. The view of the intersection was considerably restricted for both drivers because of a large house, hedges, bank and trees. It was appellants' theory that the accident was caused by Wolf's admitted failure to bring his car to a complete stop at the stop sign. It was Wolf's theory that he was committed to the intersection when he first saw the Rhoades vehicle, and that he was "almost through" when his car was struck on the right rear fender.

The five contentions advanced by appellants, as stated in the brief[2] relate to purported errors by the trial judge in charging the jury on the issue of liabili-

---

[2] "I. There was clear error in the Court's charge that if defendant's view of the stop sign was obstructed by parked cars until he was almost upon the stop sign before he saw it, although he did not stop, if when he discovered the stop sign he exercised reasonable care, he was not negligent. II. The Court's charge on 'assured clear distance' constituted such clear error, prejudicial to plaintiffs, as to require a new trial. III. The Court's charge with regard to the burden of proving contributory negligence, constituted such clear error of law prejudicial to the plaintiffs, that a new trial should be granted. IV. The Court erred in submitting the question of negligence and proximate cause to the jury. V. There was such clear error of law in the rulings of the lower Court on the liability issue, prejudicial to plaintiffs, that a new trial should be granted".

ty. It is well settled that, in determining the correctness and adequacy of a court's charge to a jury, the charge must be read and considered as a whole and not just isolated excerpts therefrom: *DeMichiei v. Holfelder,* 410 Pa. 483, 189 A. 2d 882. As pointed out by Chief Justice BELL in the case cited, the grant or refusal of a new trial by the court below will not be reversed by the appellate court in the absence of a clear abuse of discretion or an error of law which controlled the outcome of the case.

The charge in the instant case covers forty pages of the printed record not including answers by the trial judge to the points submitted, seven by the plaintiffs and eleven by the defendants. We are convinced from our review of the charge as a whole that it fairly submitted the controlling issues for the jury's determination. The substantial verdict is an indication that the errors of which appellants complain were not prejudicial.

The real thrust of appellants' argument is that the jury awarded Glenn Rhoades an inadequate amount of damages. A verdict in an action for a personal tort may be set aside as inadequate when, and only when, it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or the jury disregarded the instructions of the court, or where there was a vital misapprehension or mistake on the part of the jury, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by plaintiffs, or where the award is so inadequate that it should not be permitted to stand, or where otherwise there has been an evident failure of justice to the plaintiff: *Morris v. Peckyno,* 202 Pa. Superior Ct. 490, 198 A. 2d 396.

In the case at bar, we are in accord with the position of the court below that the reconciliation by the jury of the conflicting testimony as to the extent of

the personal injuries sustained by Glenn Rhoades resulted in a compromise verdict. Such a compromise may arise as well out of damages as out of negligence: *Elza v. Chovan*, 396 Pa. 112, 152 A. 2d 238. Our review of this record discloses no abuse of discretion in the refusal to grant a new trial. Cf. *Kobsar v. Johnson*, 185 Pa. Superior Ct. 510, 138 A. 2d 872. In this connection we adopt the following excerpt from the opinion of Judge KEIM for the court en banc:

"The fifth, sixth, seventh, eighth, ninth and tenth reasons will be discussed together for the reason that they pertain to the heart of the verdict, the money damages awarded, the failure to award future damages for medical expenses, et cetera. One cannot deny that the award of $10,000.00 was $1,113.14 short of the damages alleged by plaintiffs, and this Court has consistently been of the opinion, where the facts justified same, the award should be for the 'whole loaf' and not the 'half loaf' of bread. However, it is apparent that this Jury did consider all of the evidence as submitted during the three day trial and the Trial Judge cannot in any degree of sincerity be heard to say that this particular verdict shocked the conscience of the court. We recognize that the plaintiffs produced lengthy testimony by a qualified medical specialist in orthopedic surgery, however, we also must recognize that the defendant, through his testimony, clearly indicated that plaintiff, Glenn Rhoades, had worked irregularly at the U. S. Steel Plant, Irvin Works, prior to the accident, and that subsequent to the accident he did not work there. Further, the defendant developed by competent witnesses and motion pictures that plaintiff Rhoades worked at home in his garden and had operated an automobile repair business at home. Plaintiff Rhoades denied all of this, but the defense produced photographs, in fact motion pictures, at the trial, together with the testimony of two men who took the photo-

graphs which clearly indicated that Rhoades was not incapacitated to the extent to which he testified. In addition to this evidence the defendant submitted competent medical testimony wherein the Doctor in his opinion stated that the injuries and present complaints as presently testified to by plaintiff Rhoades, 'was grossly exaggerated'. On the basis of the testimony offered, together with the damaging contradicting testimony, it is apparent that this was a compromise verdict . . .

"In this particular instance, in our opinion, if we were to grant a New Trial, the Court would be substituting its judgment for that of the Jury, particularly in view of the fact that there was a conflict in the evidence. On the basis of all of the testimony and the law, we are convinced that the Jury did carefully evaluate the testimony of all of the witnesses. It is apparent that they did conclude that the alleged injuries were not so serious as represented . . .

"For the reasons cited above, we are of the opinion that this was a compromise verdict, that the Jury did seriously consider all of the testimony as produced by all witnesses, and that this verdict was not capricious nor did it indicate a lack of intelligence or failure to follow the instructions given by the Court as to matters of law by this particular Jury. For this reason the Motion and Reasons for a New Trial should be denied".

Judgment affirmed.