# Tulloch v. Guzzi

*Dennis A. DeEsch*, for plaintiff.
*Nicholas Noel* and *Joseph Leeson*, for defendants.

GRIFO, *J.*, January 21, 1980—This matter comes before the court en banc on plaintiff's motion for a new trial on the issue of damages.

On May 2, 1974, an auto driven by defendant Elaine Guzzi collided with an auto driven by defendant Steve Hatfield. Plaintiff, who was a passenger in the Hatfield vehicle, instituted separate suits against each of these defendants. The actions were consolidated for trial, which was held on March 28 and 29, 1979, before the Honorable Carleton T. Woodring, S.J., Specially Presiding. The jury returned a verdict in favor of defendant Hatfield. Although it returned a verdict in favor of plaintiff against defendant Guzzi, the jury awarded zero damages to plaintiff. Plaintiff requests a new trial based upon the inadequacy of the award of zero damages.*

---

*In his post-trial motions, plaintiff also challenged the verdict in favor of defendant Steve Hatfield. That issue has not been briefed or argued, and we, therefore, deem it to be waived.

The grant of a new trial is within the sound discretion of the trial court, and when the motion is predicated on the inadequacy of the verdict, considerable discretion is vested in the court: Wilson v. Nelson, 437 Pa. 254, 258 A. 2d 657 (1969). A verdict should be set aside as inadequate only when it is so inadequate that it indicates passion or prejudice, or that the jury disregarded the charge of the court, or when the amount of the verdict clearly bears no reasonable relation to the losses proven to be suffered by plaintiff: Rhoades v. Wolf, 207 Pa. Superior Ct. 104, 215 A. 2d 332 (1965); Stetz v. Hronis, No. 133 May Term, 1977 (C.P. Northamp., opinion filed October 3, 1979).

Plaintiff testified that, on impact, he was flung from side to side and a hard object struck him in the side. After ascertaining Mr. Hatfield's condition, plaintiff went to the other two vehicles involved to determine the condition of the drivers. Plaintiff walked to a nearby gas station, called Blue Mountain Control Center to report the accident, and then returned to the scene. A few minutes later, plaintiff stopped a friend, who was passing by, and requested a ride home so that he could get his car. Plaintiff immediately returned to the scene of the accident and subsequently took defendant Hatfield to St. Luke's Hospital.

According to plaintiff's testimony, he had a large knot on his head and bruises on his left arm and side. In addition, plaintiff stated that sharp pain went through his ribs when he breathed. Plaintiff testified that he had great difficulty moving about for approximately six weeks and that he was unable to engage in his usual pursuits. Approximately one week after the accident, plaintiff stated, he developed a dull ache in his right shoulder that would subside and then recur. Plaintiff, who lived in Min-

nesota for a short time, consulted a doctor there and obtained relief from the pain through medication.

On cross-examination, plaintiff admitted that he returned to work on the Monday following the accident which occured on a Thursday evening. Plaintiff, who was employed as a construction engineer and supervisor, did not miss a day of work during the six weeks following the accident. At the hospital, x-rays were taken only of plaintiff's side, not of his arms and shoulders. Plaintiff stated that a day or two after the accident he consulted his family physician who slapped him on the shoulder and told him to go back to work. Plaintiff consulted the doctor in Minnesota approximately seven months later. That doctor diagnosed the pain in plaintiff's right arm as bursitis. Mrs. Tulloch's testimony was essentially the same as that of her husband.

Plaintiff also presented the testimony of a doctor who stated that he had examined plaintiff in 1977 for purposes of trial. Based upon his examination of plaintiff and information received from plaintiff, the doctor testified that, in his opinion, the pain in plaintiff's arm and shoulder is related to trauma or injury. On cross-examination, the doctor stated that he was not aware of any report from the doctor in Minnesota who had treated plaintiff. When this report was found in his file, the doctor attempted to conceal it, thereby destroying his credibility with the jury.

Plaintiff must prove every element of his case, including damages and causation, by a preponderance of the evidence: Gordon v. Trovato, 234 Pa. Superior Ct. 279, 338 A. 2d 653 (1975); Reist v. Manwiller, 231 Pa. Superior Ct. 444, 332 A. 2d 518 (1974). It is the province of the jury to assess the worth of the testimony: Elza v. Chovan, 396 Pa. 112, 115, 152 A. 2d 238 (1959).

The only evidence relating to damages was the testimony of plaintiff, his wife, and the doctor. The jury quite properly disregarded the testimony of the doctor. In addition, the jury was not required to believe all of the testimony of plaintiff and his wife. The jury had ample opportunity to observe the demeanor of these witnesses. Obviously, the jury chose not to believe their testimony relating to damages, and, thus, plaintiff failed to sustain his burden of proof. We may not substitute any judgment we might have made for the judgment of the jury: Elza v. Chovan, supra.

## ORDER

And now, January 21, 1980, plaintiff's motion for a new trial is hereby denied and dismissed.