## Walker *v.* Martin, Appellant.

288

Argued April 15, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Thomas F. Weis* and *John C. Soich,* with him *Weis & Weis* and *Stokes, Lurie & Tracy,* for appellant.

*John M. Feeney* and *Wilbur McCoy Otto,* with them *Frank C. Rayburn,* and *Harrington, Feeney & Schweers,* and *Dickie, McCamey & Chilcote,* for appellees.

OPINION BY JACOBS, J., June 12, 1969:

These trespass actions arise out of a collision between motor vehicles driven by William J. Henry and Reed F. Martin on March 20, 1965, about 8:30 p.m. on Verona Road, Penn Hills Township, Allegheny County, Pennsylvania. Each driver sued the other and Walker Pontiac, Inc., the owner of the car driven by Henry, sued Martin. After a consolidated trial verdicts were rendered in favor of Henry and Walker Pontiac and against Martin. Martin's motions for new trial were denied and he appeals from judgments entered on the verdicts.

At the scene of the collision Verona Road was a two lane highway running approximately north and south. A yellow line indicated the center of the road. It was dark and both drivers had their headlights turned on. Henry was traveling north and Martin was traveling south. The two vehicles met in a head-on collision. According to Henry's testimony the collision occurred 25 to 30 feet south of a curve to Henry's left when Martin came around the curve with his high beam lights on and struck Henry's car in the northbound lane. On the other hand Martin testified that Henry was coming north in the southbound lane and hit him. Each driver testified that he was operating his vehicle on his own side of the road. A witness in a car following Henry testified that Martin was in the wrong lane and hit Henry "a couple hundred" feet south of the curve. Another witness following Martin did not see the collision, but testified that he observed dirt and glass in the southbound lane just inside the center line.

The trial judge made no mention of contributory negligence in his charge. Martin's counsel specifically excepted to this omission, but the judge ruled that a charge on contributory negligence was not necessary.

During their deliberation the jurors submitted the following question to the court: "Can we find them both at fault?" The judge told the jury that they could not find both at fault but must find that one or the other was negligent and bring in a verdict against him.

In his motion for a new trial Martin alleged that the court erred in refusing to charge on contributory negligence and in refusing to permit the jury to find negligence on the part of both drivers. The lower court was of the opinion that there was no evidence to justify a charge on contributory negligence. While conceding that a jury can disbelieve testimony, the court

held that the jury cannot fill the void left by such discarded testimony by guess or conjecture.

In effect the court below declared as a matter of law that there was no contributory negligence. This may be done only in a clear case, however, and "if there is any evidence upon the consideration of which reasonable minded individuals might disagree as to whether or not the plaintiff was guilty of negligence which contributed to the accident, then the question of such contributory negligence is for the jury, not the court, to determine." *Heffernan v. Rosser,* 419 Pa. 550, 555, 215 A. 2d 655, 658 (1966).

The rationale of the Supreme Court's disposition of a very similar factual situation in *Antonelli v. Tumolo,* 390 Pa. 68, 132 A. 2d 285 (1957), furnishes a controlling guideline for the case before us. In *Antonelli* a head-on collision occurred on a two-way street. One driver, Archangelo, testified that he was traveling south on his side of the street and that Tumolo, the other driver, traveling north on the proper side of the street, suddenly turned left over the center line and struck him. Tumolo, on the other hand, claimed that he was traveling north in his proper lane and that Archangelo, traveling south, crossed the center line and hit him. The jury returned verdicts for the passengers against both drivers, finding that the negligence of both had contributed to the accident. On appeal Archangelo asked for a new trial because the verdicts of negligence against both drivers were inconsistent. He argued that neither version of the accident placed both drivers over the center line and that the jury had to believe that one or the other caused the accident by crossing the center line, which is what the court below told the jury in the case at bar.

The Court's cogent response to this argument in *Antonelli* is applicable to this case:

"The jury did not have to believe in its entirety only one version of the accident. It cannot be said that if a jury accept part of a version of an accident it must accept all of what the witnesses have said. Archangelo says that he did not cross the center line, and that Tumolo did. Tumolo says that he did not cross the center line but that Archangelo did. Both insist that they were unable to avoid the accident. It is perfectly reasonable for the jury to believe so much of the testimony offered by a litigant as pertains to what the opposing party did, and disbelieve that part of the testimony as tends to absolve the litigant of liability. It is for the jury to reconcile such conflicting statements and say which shall prevail. . . . Here the jury apparently believed that in fact both parties had crossed the center line, or that one party had crossed it and that the other party, having the opportunity, did not avoid the collision. . . . 'It is no answer to say that the jury's verdict involved speculation and conjecture. Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. . .'. Despite the able argument of counsel, the record discloses that verdicts against both drivers were not inconsistent, but supported by facts and inferences properly drawn from the evidence." Id. at 72-73, 132 A. 2d at 287-88 (citations omitted).

Thus it is apparent that the jury in the instant case could have believed the testimony of both Henry and Martin that the other turned across the center line. It did not have to believe their testimony that they stayed in their own proper lanes. To believe part

of the oral testimony of a witness and find him mistaken as to another part is the prerogative of the factfinder. To have found that both drivers crossed the center line would not have been pure speculation and conjecture, but could have been validly inferred from the testimony of the opposing drivers. Likewise the uncontradicted testimony placing debris from the accident in the southbound lane near the center line, although by itself perhaps not sufficiently probative to support an inference that the collision occurred in the center of the highway with both drivers partially over the center line, was nevertheless evidence which when combined with the driver's testimony could have supported the conclusion that both parties were negligent.

Another factor in the determination whether a new trial should be granted as a result of erroneous instructions to the jury, aside from prejudice to the complaining party, is whether the probable result of the trial was changed. See 6A Stand. Pa. Practice New Trial §69 (1960); 39 Am. Jur. New Trial §117 (1942). Appellant's position in this regard is somewhat strengthened by the fact that the jury, after having been retired for some time, submitted a note to the court inquiring whether they could find both drivers at fault. Although it would be folly to conjecture what was in the jury's mind at the time, their question at least raises the possibility that a different result could have been reached if they had had instructions on contributory negligence.

Although Martin has appealed in all three cases, appellee argues that even if a new trial is granted in the two cases in which Martin is a defendant, one should not be granted in the case in which Martin is a plaintiff. Appellee reasons that the failure to charge on contributory negligence would be prejudicial only to the defendant in each suit and would have en-

294

hanced Martin's position as a plaintiff. When several claims involving common factual questions are consolidated for trial, however, a new trial under certain circumstances may be required as to all the parties in order to prevent inconsistent verdicts. *Mains v. Moore,* 189 Pa. Superior Ct. 430, 150 A. 2d 549 (1959). In this case, if a new trial were limited to the cases where Martin is a defendant, a jury could conceivably conclude that Martin was not negligent and for that reason return verdicts in his favor. This result would conflict with the finding of the first jury that Martin in his claim as plaintiff was negligent. In our opinion, the fundamental error of the instruction that only one party could be found negligent permeated all the cases, may have dictated the verdict in the suit in which Martin was plaintiff, and requires new trials in all cases.

Judgments reversed and new trials granted in all cases.