Reist et vir, Appellants, *v.* Manwiller.

Argued September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

petition for reargument refused January 6, 1975.

*E. Silva,* with him *Jack E. Feinberg,* for appellants.

*Robert I. Cottom,* for appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

Stella M. Reist and David H. Reist, her husband, plaintiffs below, appeal from the court's denial of their motion for a new trial.

On November 28, 1969, wife-plaintiff was involved in an automobile accident with the appellee, at the intersection of Perkiomen Avenue and Spruce Street in Reading, Pennsylvania. Mrs. Reist testified that she was traveling approximately twenty to twenty-five miles per hour; that when she was two to five feet from the intersection she looked left and observed defendant's car one hundred feet from the intersection; that she looked left upon entering the intersection and observed defendant thirty feet away; that she continued to look left until she was halfway through the intersection; that defendant's vehicle struck her automobile on the left rear side when she was two feet beyond the intersection. Defendant-appellee admits to having struck Mrs. Reist's car. He testified, however, that he stopped at the intersection, but found his vision blocked by parked cars. Intending to turn left, he then moved slowly into the intersection, when his passenger stated "look out, there is a car coming." At that point, he testified that he turned left and sideswiped Mrs. Reist's automobile.

Mrs. Reist underwent an operation for cervical radiculitis as a result of spinal injuries sustained in the accident. Dr. Johnson, the neurosurgeon who performed the operation, testified that he discharged Mrs. Reist from treatment on March 16, 1970, and that she was fully recovered and symptom free as of that date. The trial judge limited Mrs. Reist's recovery for pain and suffering, and Mr. Reist's recovery for loss of consortium, to the period from November 28, 1969, the date of the accident, to March 16, 1970.

The jury awarded a verdict of $100 for Mrs. Reist and $1600 for Mr. Reist. Actual medical expenses and lost wages amounted to over $1600. Appellants filed a motion for a new trial in which they alleged that the court erroneously submitted the question of contributory negligence to the jury and that the trial judge erred in prohibiting testimony as to pain and suffering,

and loss of consortium after March 16, 1970, and in instructing the jury that no damages for pain and suffering, and loss of consortium after March 16, 1970, could be awarded.

Appellants contend that the court should have instructed the jury specifically that Mrs. Reist was not contributorily negligent as a matter of law. Contributory negligence is normally a question for the jury, and thus the trial judge may decide the issue only in the clearest of cases. *Heffernan v. Rosser*, 419 Pa. 550, 215 A. 2d 655 (1966); *Walker v. Martin*, 214 Pa. Superior Ct. 287, 257 A. 2d 619 (1969). It is proper for a trial judge to submit the question to the jury ". . . if there is any evidence upon the consideration of which reasonable minded individuals might disagree as to whether or not the plaintiff was guilty of negligence which contributed to the accident, . . ." *Heffernan*, supra, at 555.

Considering only Mrs. Reist's testimony at trial,[1] it is clear that there was sufficient evidence in the record to justify submitting the issue of contributory negligence to the jury. Cf. *Miller v. Montgomery*, 397 Pa. 94, 152 A. 2d 757 (1959). Mrs. Reist testified that when she was two to five feet from the intersection, she observed appellee's car approximately one hundred feet away. The intersection was thirty-five feet wide, and Mrs. Reist's automobile was struck in the rear about two feet beyond the intersection. Thus, Mrs. Reist's car travelled approximately sixty feet from the time she first observed the appellee until the accident. During that same period of time, the appellee would necessarily have had to travel about one hundred and twenty feet. In addition, he would have had to make a left turn. Mrs. Reist was travelling about twenty to twenty-five

---

[1] On cross-examination, it was disclosed that Mrs. Reist previously stated on being deposed that although she saw the appellee before she entered the intersection, she did not see him again until after the collision on the other side of the intersection.

miles per hour. Therefore, the appellee, an eighty-eight year-old man, must have been travelling about fifty miles per hour. Certainly, the jury was free to disbelieve Mrs. Reist's version of the incident. Furthermore, Mrs. Reist's own testimony reveals that she did not slow down when proceeding through the intersection, and that she failed to look left once she was half-way through the intersection. Under these facts, it would have been error for the trial judge not to submit the question of contributory negligence to the jury.

Appellants' next contention is that the lower court erred by not permitting Mr. Reist to testify as to the difficulties involved in his sexual relations with Mrs. Reist after March 16, 1970, and by instructing the jury that damages could not be awarded for pain and suffering and loss of consortium beyond March 16, 1970.[2]

Dr. Johnson testified that he discharged Mrs. Reist from treatment on March 16, 1970, and that she had no pain, discomfort, or limitation of motion at that time. The lower court ruled that appellants thereby established, through their own witness, that March 16, 1970, was "the date for complete recovery from injuries *or other consequences* resulting from the collision." (Emphasis added). Appellants do not contend that Mrs. Reist was not physically recovered as of March 16, 1970. They seek an opportunity to show pain and suffering and loss of consortium beyond that date. The most that can be attributed to Dr. Johnson's statement is that on March 16, 1970, Mrs. Reist had no pain or other symptoms, and was physically able to return to work. His testimony is silent as to Mrs. Reist's emotional state. Further, Dr. Johnson did not state that Mrs. Reist would thereafter be free from pain or mental anxiety, and he was incompetent to testify that Mrs. Reist had

---

[2] It is presently the law in Pennsylvania that a spouse can recover for loss of consortium. *Hopkins v. Blanco*, 224 Pa. Superior Ct. 116, 302 A. 2d 855 (1973).

no emotional repercussions at the time of trial because he had not seen her since March 16, 1970. His statement, therefore, does not have the effect of establishing March 16, 1970, as the date when all "consequences" of the accident were terminated.[3] The court's ruling in effect implied that mental disorders cannot endure beyond physical recovery.[4] Certainly, appellants should at least have been given the opportunity to prove otherwise.

In its opinion, the court below stated that it would have been error to allow recovery for pain and suffering

---

[3] In fact, Dr. Johnson refused to venture an opinion as to Mrs. Reist's complaints of pain after March 16, 1970.

[4] In *Niederman v. Brodsky*, 436 Pa. 401, 261 A. 2d 84 (1970), our Supreme Court held that a plaintiff can recover damages for injuries resulting from the negligent infliction of fright and shock, even in the absence of contemporaneous physical impact. That is merely the reverse of the present situation. If a plaintiff can recover for physical injuries resulting from emotional disturbance, then a plaintiff can recover for emotional disturbance following physical injuries. Furthermore, a plaintiff can recover for emotional distress alone, if the tortfeasor intended to produce emotional distress in the plaintiff and did so by "outrageous" conduct. *Forster v. Manchester*, 410 Pa. 192, 189 A. 2d 147 (1963). See also, *Papieves v. Kelly*, 437 Pa. 373, 263 A. 2d 118 (1970); *Restatement (Second) of Torts*, §46 (1965). Recovery is allowed despite the total absence of physical injury and actual damages.

It has long been the law of this Commonwealth that mental suffering resulting from physical injury is compensable. "The object of a trespass action involving personal injuries, where the plaintiff has proved his case, is to compensate him for what he has lost as a result of defendant's negligence. The loss of well-being is as much a loss as an amputation. The inability to enjoy what one has theretofore keenly appreciated is a pain which can be equated with the infliction of a positive hurt. The conscious loss of a benefit to which one is entitled hurts as much as a festering wound". *Corcoran v. McNeal*, 400 Pa. 14, 161 A. 2d 367 (1960). Thus, if Mrs. Reist can prove the existence of mental suffering, and if Mr. Reist can prove loss of consortium, they are entitled to compensation. To deprive them of the opportunity to prove their case is contrary to basic legal concepts of the role of damages in personal injury cases.

and loss of consortium beyond March 16, 1970, "without plaintiffs establishing a causal connection by expert medical testimony . . ." The court precluded Mr. Reist from testifying as to loss of consortium. Mr. Reist is clearly competent to testify on this subject. Appellants seek to prove that their sexual difficulties are caused by an emotional scar left by the accident. Because pain and suffering are basically subjective concepts, Mrs. Reist would be competent to testify as to her problems. See, *Laurelli v. Shapiro,* 416 Pa. 308, 206 A. 2d 308 (1965). Thus, expert medical testimony is not always necessary to prove damages. Further, for the court to have barred proof of the existence of injury and then to support that ruling by saying that no causal connection between the injury and the accident was shown is inconsistent. The lower court correctly states that the plaintiff in a personal injury case has the burden of proving that the injuries complained of resulted from the accident. It is not accurate, however, to assert that the causal connection must always be established by expert medical testimony. See, e.g., *Florig v. Sears, Roebuck & Co.,* 388 Pa. 419, 130 A. 2d 445 (1957) ; *Schultz v. Pivar,* 370 Pa. 271, 88 A. 2d 74 (1952). In any event, by barring the testimony, the lower court consequently prohibited proof of causation. While the burden of proof on the causation issue lies with the appellants, the court below denied them the opportunity to convince the jury.

Order of the court below is reversed and the case is remanded for a new trial.

VAN DER VOORT, J., dissents.