[J-22-2022] [MO:Dougherty, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

KAREN COWHER, ADMINISTRATRIX OF THE ESTATE OF JAMES L. COWHER, II, DECEASED,

          Appellant

          v.

SOBHAN KODALI, M.D., ST. LUKE'S UNIVERSITY HEALTH NETWORK AND ST. LUKE'S CARDIOLOGY ASSOCIATES,

          Appellees

: No. 77 MAP 2021
:
:
: Appeal from the Order of the
: Superior Court at No. 1111 EDA
: 2020 dated February 8, 2021,
: reconsideration denied April 16,
: 2021, Affirming in Part and Vacating
: in Part the Judgment of the Lehigh
: County Court of Common Pleas,
: Civil Division, at No. 2018-C-0264,
: entered April 7, 2020 and
: Remanding for a new trial.
:
: ARGUED:  April 12, 2022
:

## CONCURRING AND DISSENTING OPINION

**JUSTICE MUNDY**                      **DECIDED:  September 29, 2022**

I concur in the result reached by the Majority and much of its reasoning.  However, I write separately to distance myself from the Majority's suggestion that Dr. Hayek's testimony on pain and suffering could be the basis for a new trial had the Appellees not waived their right to a new trial pursuant to the general verdict rule.  See Maj. Op. at 23-24.

In this case, expert testimony was not required to support Appellant's recovery for pain and suffering damages.  *See Reist v. Manwiller*, 332 A.2d 518, 521 (Pa. Super. 1974).  Appellant's neighbor, Diana Kanowski, testified that she saw the decedent go down to his knees and ask for help, and observed he was in pain for about three minutes before he lost consciousness.  N.T., 12/3/19, at 74-78.  The testimony from Kanowski

alone was sufficient to sustain the jury's verdict on pain and suffering.[1]  To the extent the Majority suggests that expert testimony is needed to award pain and suffering damages, I disagree.

As the Majority correctly holds, Appellees waived a new trial on survival damages based on the general verdict rule.  Maj. Op. at 18.  The Majority aptly notes it is impossible from the general verdict alone to determine if the jury awarded any amount of pain and suffering damages, particularly because in this case, "the general survival damages verdict returned by the jury is supportable solely on the basis of the proper evidence of loss of life's pleasures and/or lost earnings."  *Id.* at 21.  In my view, this is the reason Appellees waived their request for a new trial under the general verdict rule.  *Accord id.* at 22 (finding waiver because Appellees repeatedly failed to request a special verdict slip and because the lump sum survival damages award was supported on other grounds).  Because Appellees waived a new trial by failing to request a special verdict form, the Majority's subsequent speculation that Appellees would be entitled to a new trial based on Dr. Hayek's allegedly improper opinion on pain and suffering, *id.* at 23-24, is unnecessary to resolving "[t]he narrow question we address in this appeal."  *Id.* at 1.  As this portion of the Majority is not necessary to the decision of this case, I consider it obiter dicta, and I cannot join.  *See In re Kenin's Trust Estate*, 23 A.2d 837, 842 (Pa. 1942) ("in every case what is actually decided is the law applicable to the particular facts; all other legal conclusions therein are but obiter dicta.").

---

[1] I also disagree with the Majority's statement that "plaintiff's counsel emphasized the expert's testimony in summation."  Maj. Op. at 24.  A review of counsel's summation regarding pain and suffering shows that counsel argued the pain and suffering evidence came from Kanowski and Dr. Hayek.  N.T., 12/9/19, at 79.  I agree with the Majority that counsel mentioned Dr. Hayek's name, but counsel did not discuss the substance of Dr. Hayek's testimony on pain and suffering.  Instead, counsel proceeded to discuss Kanowski's testimony without again mentioning Dr. Hayek or his testimony on pain and suffering.  *Id.* at 79-80.

For these reasons, I concur in the result and dissent as to the discussion of Dr. Hayek's testimony.