J-S02022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM KENT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DARRYL WILLIAMS | : | No. 1855 EDA 2023 |

Appeal from the Order Entered June 29, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210101090

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                **FILED FEBRUARY 13, 2024**

William Kent (Appellant) appeals from the compulsory nonsuit entered against him prior to the commencement of a jury trial in this premises liability action.  After review, we reverse and remand for further proceedings.

On January 18, 2021, Appellant filed a civil complaint against Darryl Williams (Williams).  The complaint alleged that, on January 26, 2019, Appellant used Williams's ladder to check the condition of the roof on Williams's house.  Complaint, 1/18/21, ¶¶ 6-7.  As he did so, "the ladder moved, slipped, collapsed[,] and/or shifted, causing [Appellant] to fall some 15 [feet] to the pavement below and causing [Appellant] to strike the ground, sustaining severe and permanent injuries…." *Id.* ¶ 7.  The complaint alleged

_____

[*] Former Justice specially assigned to the Superior Court.

Williams was negligent for, *inter alia*, failing to properly maintain the ladder or warn Appellant of its defective condition. ***Id.*** ¶ 8.

Williams failed to answer the complaint and, on April 14, 2022, a default judgment was entered. On April 20, 2022, Williams, acting *pro se*, filed a petition to open the judgment, which the trial court granted.[1] Williams thereafter filed an answer alleging, *inter alia*, that the ladder was not defective and Appellant had entered Williams's property to check the roof without permission. Answer, 6/28/22, ¶¶ 6-7.

The trial court directed the parties to complete discovery and exchange expert reports. The trial court scheduled Appellant's jury trial for Monday, May 8, 2023, with jury selection to occur on Friday, May 5, 2023.

On May 5, 2023, without Williams making a motion, the trial court deemed Appellant's proferred medical records inadmissible without testimony from the records' custodian or a medical expert witness.[2] ***See*** N.T., 5/8/23, at 19-20. On May 8, 2023, Appellant appeared for trial with a medical expert witness. ***Id.*** at 17-18. Appellant represented the medical witness had examined him and reviewed his records over the weekend. ***Id.***

_____

[1] Though Appellant asserts Williams repeatedly advised the trial court that he was retaining counsel, Williams remained *pro se* throughout the proceedings. ***See*** Appellant's Brief at 16. Williams did not file an appellate brief.

[2] The certified record contains no transcript of the May 5, 2023, proceedings, but those proceedings were discussed during the May 8, 2023, proceedings. ***See*** N.T., 5/8/23, at 4-23.

Notwithstanding, the trial court ruled that Appellant's medical expert could not testify because Appellant had failed to identify the expert in his pretrial memorandum.[3] *Id.* at 18-21. The trial court explained that its prior ruling regarding the medical records was not an invitation for Appellant secure a last-minute expert witness. *Id.* Without a motion pending, the trial court entered nonsuit against Appellant, concluding he could not establish his cause of action. *Id.* at 21-22.

The trial court initially did not memorialize the nonsuit by written order. On May 18, 2023, Appellant filed a timely post-trial motion seeking, *inter alia*, removal of the nonsuit. The trial court thereafter entered the nonsuit on the docket, *see* Trial Work Sheet, 6/27/23, and denied Appellant's post-trial motion. Order, 6/29/23. Appellant filed a timely notice of appeal.

Initially, we address Appellant's and the trial court's compliance with Pa.R.A.P. 1925. On July 17, 2023, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal. Order, 7/17/23. However, in an apparent clerical error, the order directed

---

[3] Appellant asserts he filed a pretrial memorandum and the trial court specifically referenced its contents during the May 8, 2023, proceedings. **See** Appellant's Brief at 5; N.T., 5/8/23, at 17-18. However, the memorandum is not listed on the docket sheet and is not contained in the certified record. The trial court's April 6, 2023, order provided that "the parties at trial shall be limited to calling those individuals specifically identified by name and address on the party's Pre-Trial Memorandum …. Except for good cause shown, the parties will be precluded from offering evidence through any person not so listed." Order, 4/6/23, ¶ 6.

"Glover Powell," an unrelated non-party, to serve the statement on the trial court and do so within 21 days. *Id.* On August 1, 2023, Appellant timely filed a concise statement, but did not include a certificate of service. Concise Statement, 8/1/23.

In its Rule 1925(a) opinion, the trial court opined that Appellant's issues were waived and his appeal should be quashed due to his failure to serve the concise statement, as required by Rule 1925(b)(1). Trial Court Opinion, 8/31/23. Appellant's counsel thereafter filed an affidavit of service, asserting the trial court was electronically served by virtue of Appellant's filing the concise statement. Affidavit of Service, 9/1/23. He further challenged the validity of the trial court's July 17, 2023, order, because it directed Glover Powell, not Appellant, to effectuate service on the trial court. *Id.*; *see also* Appellant's Brief at 7 n.1.

Rule 1925(b) provides, in relevant part:

If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

> **(1) *Filing and Service.*** The appellant shall file of record the Statement and concurrently shall serve the judge …. Service on the judge shall be at the location specified in the order, and shall be either in person, by mail, or by any other means specified in the order. Service on the parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).
>
> ….

**(3)** *Contents of order.* The judge's order directing the filing and service of a Statement shall specify:

**(i)** the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

**(ii)** that the Statement shall be filed of record;

**(iii)** that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

**(iv)** that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b).

This Court has held that an appellant merely filing a concise statement with the prothonotary does not satisfy Rule 1925(b)'s requirement to serve the judge. *Rahn v. Consol. Rail Corp.*, 254 A.3d 738, 745 (Pa. Super. 2021) (citing *Forest Highlands Cmty. Ass'n v. Hammer*, 879 A.2d 223, 229 (Pa. Super. 2005)). However, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, **it is the trial court's order that triggers an appellant's obligation**…. [T]herefore, we look first to the language of that order." *In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013) (emphasis added) (quoting *Berg v. Nationwide Mutual Ins. Co.*, 6 A.3d 1002, 1007-08 (Pa. 2010)).

- 5 -

Where the order does not "specifically direct [an appellant] to serve the trial judge with the statement[,] … we will not deem [an appellant's] issues waived as the trial court's 1925(b) order is itself deficient." **Rahn**, 254 A.3d at 747; **see also Commonwealth v. Savage**, 234 A.3d 723, 726 (Pa. Super. 2020) (where the trial court's 1925(b) order "neglect[ed] to advise [a]ppellant that she must serve a copy of the concise statement upon the judge," we held that "deficiencies in the trial court's order preclude[d] a finding of waiver….").

Here, the trial court's order did not direct Appellant to serve the concise statement. As a result of this deficiency, Appellant's obligation to comply with Rule 1925(b) was not triggered, and we will not deem his issues waived for noncompliance.

Appellant raises the following issues:

> 1. Did the [trial c]ourt improperly act *sua-sponte* in issuing a non-suit, untimely, and without respect to its actual merits?
>
> 2. Did the [trial c]ourt improperly rule that [Appellant] could not prove his case on damages without a previously-identified medical expert?
>
> 3. Did the [trial c]ourt improperly rule on hearsay grounds that [Appellant] would be precluded from offering documentary evidence proving his damages?
>
> 4. Did the [trial c]ourt improperly *sua-sponte* issue hearsay rulings, advising that [the trial court] would preclude [Appellant]'s evidence on hearsay grounds prior to the defense requesting or even having an opportunity to make a hearsay objection?
>
> 5. Did the [trial c]ourt improperly rule that [Appellant] could not prove his case on liability without expert testimony in this premises liability claim?

- 6 -

6.     Did the [trial c]ourt improperly prejudice [Appellant] by advocating for the *pro-se* [d]efendant rather than merely granting him leniency in [c]ourt procedural matters, by inaccurately relating the history of the case, and by failing to timely docket [the trial court's o]rder(s)[,] and by failing to issue any [o]pinions supporting [those o]rders so as to allow [Appellant] to timely and effectively advocate in the post-trial proceedings.

Appellant's Brief at 4 (issues reordered).

In his first issue, Appellant argues the trial court's entry of a nonsuit was improper because it was premature and issued without a corresponding motion by Williams.  ***Id.*** at 11.

Our standard of review for the entry of a nonsuit is well established:

A nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action had been established.   Furthermore, all conflicts in the evidence must be resolved in the plaintiff's favor.  In reviewing the evidence presented we must keep in mind that a jury may not be permitted to reach a verdict based on mere conjecture or speculation.  We will reverse only if the trial court abused its discretion or made an error of law.

***Printed Image of York, Inc. v. Mifflin Press, Ltd.***, 133 A.3d 55, 59 (Pa Super. 2016) (citation omitted).

A trial court's authority to enter a nonsuit is derived from Pa.R.C.P. 230.1, which provides:

In an action involving only one plaintiff and one defendant, the court, **on oral motion of the defendant**, may enter a nonsuit on any and all causes of action if, **at the close of the plaintiff's case on liability**, the plaintiff has failed to establish a right to relief.

Pa.R.C.P. 230.1(a)(1) (emphasis added).  Our Supreme Court has observed,

we know of no proceeding which permits the court to enter a compulsory nonsuit without testimony having been taken in court…. The law is clear that **a compulsory nonsuit may not be entered at the commencement of trial on the ground that a plaintiff's proposed evidence is insufficient to sustain his cause of action.**

*Lewis v. United Hosps., Inc.*, 692 A.2d 1055, 1058 (Pa. 1997) (emphasis added) (quoting *Ruhe v. Kroger Co.*, 228 A.2d 750, 751 (Pa. 1967)).

Here, the trial court improperly entered its nonsuit prior to the commencement of trial. Notwithstanding, we have held that a trial court's premature entry of a nonsuit "is properly characterized as either a summary judgment grant or grant of judgment on the pleadings." *Gallagher v. Harleysville Mut. Ins. Co.*, 617 A.2d 790, 796 (Pa. Super. 1992); *see also Lewis*, 692 A.2d at 1057. We may consider a premature nonsuit order "as one granting summary judgment" and "proceed to consider the substantive issues raised on appeal…." *In Estate of Denmark v. Williams*, 117 A.3d 300, 304 (Pa. Super. 2015). In accordance with *Gallagher* and *Estate of Denmark*, we consider the trial court's nonsuit as an order granting summary judgment and consider Appellant's remaining issues on that basis.

When reviewing an order granting summary judgment,

we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order

- 8 -

will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Siciliano v. Mueller*, 149 A.3d 863, 864 (Pa. Super. 2016) (citation omitted).

In his second issue, Appellant argues the trial court improperly ruled that Appellant "could not prove his case on damages" without a medical expert witness, "despite the obvious nature of [Appellant's] injuries." Appellant's Brief at 13. Before trial, Appellant's counsel informed the trial court that Appellant intended to prove damages through his own testimony and through his medical records. N.T., 5/8/23, at 19-20. The trial court determined (a) the medical records were hearsay that could not be introduced through Appellant's testimony; and (b) Appellant's newly-retained medical expert was precluded from testifying because he was not previously identified in Appellant's pretrial memorandum. *Id.* at 20-22.

In focusing on these issues, however, the trial court ignored a more fundamental question: whether Appellant's own testimony was sufficient to prove the element of damages.[4] We conclude it was.

A personal injury plaintiff is competent to testify to his own pain and suffering. *Reist v. Manwiller*, 332 A.2d 518, 521 (Pa. Super. 1974) (holding "expert medical testimony is not always necessary to prove damages"). In a

_____

[4] In a premises liability action, the plaintiff must establish: (1) a duty recognized by law; (2) a breach of that duty; (3) a causal connection between the breach and the resulting injury; and (4) actual loss or damage to the plaintiff. *Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. 2007).

personal injury case, where "the cause of the injury is clear and the subject matter is within the common experience and understanding of lay jurors, expert testimony is not required." ***Wright v. Residence Inn by Marriott, Inc.***, 207 A.3d 970, 979 n.4 (Pa. Super. 2019) (citing ***Montgomery v. Bazaz-Sehgal***, 798 A.2d 742, 752 (Pa. 2002)). Expert medical testimony is required only "when there is no obvious causal relationship between the accident and the injury." ***Id.*** (citing ***Smith v. German***, 253 A.2d. 107, 109 (Pa. 1969)).

Here, Appellant alleged he fell approximately 15 feet from a ladder and struck the pavement, suffering immediate injuries. Complaint, 1/18/21, ¶¶ 6-7. Appellant averred an obvious causal relationship between the accident and the injury. The subject matter is within the common experience and understanding of lay jurors. It "does not require a complex application of technical knowledge," but "can as easily be ascertained by the lay person as by the trained physician." ***Folger v. Dugan***, 876 A.2d 1049, 1055 (Pa. Super. 2005). Accordingly, we conclude no medical expert was required and Appellant's own testimony would be sufficient to establish damages. The trial court's ruling that Appellant could not prove damages without a medical expert constituted error. Therefore, we reverse the trial court's nonsuit and remand for trial.

In his third issue, Appellant argues the trial court erred in ruling that his medical records were inadmissible hearsay that could not be introduced

through his own testimony. Appellant's Brief at 13-14. He maintains the records were admissible under the hearsay exception for statements made for medical diagnosis or treatment. *Id.*; *see* Pa.R.E. 803(4). At the time it entered the nonsuit, the trial court held the records were inadmissible under "the business records exception" without the testimony of "a custodian of records or treating clinician." N.T., 5/8/23, at 20; *see* Pa.R.E. 803(6).

Because we consider the nonsuit as a grant of summary judgment, we note that "a motion for summary judgment cannot be supported or defeated by statements that contain inadmissible hearsay evidence." *Bezjak v. Diamond*, 135 A.3d 623, 631 (Pa. Super. 2016) (citation and quotation marks omitted).

Pa.R.E. 803(4) provides:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

….

**(4) Statement Made for Medical Diagnosis or Treatment.** A statement that:

> (A) is made for—and is reasonably pertinent to—medical treatment or diagnosis in contemplation of treatment; and
>
> (B) describes medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment.

Pa.R.E. 803(4).

Citing Pa.R.E. 803(4), this Court has held:

> Medical records are admissible under the hearsay rules as evidence of facts contained therein but not as evidence of medical opinion or diagnosis. A party may introduce medical records as evidence of facts contained therein without producing the person who made the notation in the record or the records custodian.

*Turner v. Valley Hous. Dev. Corp.*, 972 A.2d 531, 537 (Pa. Super. 2009) (citations, quotation marks, and brackets omitted). "[T]here is no legal support for the position … that only a health care provider can testify as to statements made for purposes of medical treatment." *Adams v. Rising Sun Med. Ctr.*, 257 A.3d 26, 37 (Pa. Super. 2020) (citing Pa.R.E. 803(4)). We have acknowledged that, in considering the admissibility of medical records under hearsay rules, "[t]he line between fact and opinion has been difficult to discern." *Folger*, 876 A.2d at 1055. However, we observed that, in general,

> when the record reveals what is or is not present in the patient, or that a test occurred, the record reflects facts. On the other hand, when the record reflects what the presence or absence of something means, the record more likely reflects a medical diagnosis or opinion.

*Id.* at 1056.

Instantly, the trial court's ruling discloses no analysis of the medical records Appellant sought to introduce in light of these standards. The court instead barred admission of medical records generally. *See* N.T., 5/8/23, at 20-22. This was erroneous. On remand, any medical records offered into evidence should be analyzed under the appropriate legal standards.

Given our resolution of Appellant's prior issues, we need not address his fourth issue.

In his fifth issue, Appellant argues the trial court improperly ruled he "could not prove his case on liability without expert testimony in this premises liability negligence matter." Appellant's Brief at 12. He claims the trial court's "fixation" on whether he needed a "product liability" expert was "a possible justification" for the nonsuit. *Id.* Appellant argues this is not a products liability case and Appellant's own testimony regarding the ladder was sufficient to establish liability. *Id.* While it is unclear whether the trial court actually made the ruling complained of here,[5] Appellant's brief cites no authority in support of this argument. Accordingly, we deem this issue waived.[6]

In his sixth issue, Appellant argues the trial court "improperly prejudiced" him by "advocating" for the *pro se* defendant and by failing to timely docket its nonsuit order or provide an opinion justifying that order. *Id.*

_____

[5] Discussion of this issue apparently took place during the untranscribed May 5, 2023, proceedings. During the May 8, 2023, proceedings, in explaining the reasons for its entry of a nonsuit, the trial court stated Appellant's "failure to retain and identify the necessary experts, including medical experts, renders this case insufficient to establish [Appellant's] burden of proof…." N.T., 5/8/23, at 22. The trial court did not specifically state the lack of a products liability expert formed a basis for the ruling, and the record discloses no grounds from which we could conclude such an expert was required.

[6] "Each distinct issue in the argument section of a brief must, at a minimum, contain 'citations of authorities as are deemed pertinent.'" *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 883 (Pa. Super. 2019) (quoting Pa.R.A.P. 2119(a)). When an appellant "cites no pertinent authority to substantiate [his] claim … appellant's issue is waived." *Id.* (citation and quotation marks omitted).

at 15-17.  Appellant cites no authority in support of this claim.  Therefore, it too is waived.  ***Commonwealth v. Pi Delta Psi, Inc.***, 211 A.3d at 883.

For the reasons set forth above, we reverse the trial court's nonsuit order and remand for further proceedings consistent with this memorandum.

Order reversed.   Case remanded with instructions.   Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2024